CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

2/2/2024

LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
       DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Danville Division

| | |
|---|---|
| JOSHUA SANBORN, | |
| Plaintiff, | Civil Action No. 4:24cv00004 |
| v. | |
| LICO MACHINERY, INC. a/k/a MACHINERIE LICO INC. | REMOVED FROM THE CIRCUIT COURT FOR PATRICK COUNTY |
| and | |
| JASON POULIOT | |
| Defendants. | |

### DEFENDANTS' ANSWER AND GROUNDS OF DEFENSE TO PLAINTIFF'S COMPLAINT

COME NOW, Defendants, LICO Machinery, Inc. a/k/a Machinerie LICO Inc. and Jason Pouliot, (hereinafter "Defendants"), by and through undersigned counsel, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, and hereby respectfully submit their Answer and Grounds of Defense in response to Plaintiff's Complaint. In support thereof, Defendants state as follows:

### FIRST DEFENSE

Responding *seriatim* to the individually numbered paragraphs of Plaintiff's Complaint, the Defendants state as follows:

## PARTIES

1. Defendants lack sufficient information to confirm or deny the allegations contained in Paragraph 1 of Plaintiff's Complaint. Accordingly, the allegations are denied, and the Defendants demand strict proof thereof.

2. Defendants admit that LICO is a Canadian corporation with its principal place of business located at 9550 10e Avenue, Saint-Georges, Quebec. The remaining allegations in Paragraph 2 of Plaintiff's Complaint contain legal conclusions to which no response is deemed required. To the extent a response is required, the Defendants deny the remaining allegations contained in Paragraph 2 of the Complaint and demand strict proof thereof.

3. Defendants admit that Jason Pouliot is a natural person and a resident of Quebec, Canada. Defendants admit that at all times relevant to this action Mr. Pouliot was an employee of LICO Machinery, Inc. a/k/a Machinerie LICO Inc. The remaining allegations in Paragraph 3 of Plaintiff's Complaint contain legal conclusions to which no response is deemed required. To the extent a response is required, the Defendants deny the remaining allegations contained in Paragraph 3 of the Complaint and demand strict proof thereof.

## STATEMENT OF FACTS

4. Defendants lack sufficient information to confirm or deny the allegations contained in Paragraph 4 of Plaintiff's Complaint. Accordingly, the allegations are denied, and the Defendants demand strict proof thereof.

5. Defendants admit that Ten Oaks, LLC is a Virginia corporation with its principal place of business located in Stuart, Virginia. Defendants lack sufficient information to confirm or deny the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint. Accordingly, the allegations are denied, and the Defendants demand strict proof thereof.

2

6. Defendants admit that the Ten Oaks and/or Prolam purchased the "Subject Ripsaw" from LICO Machinery, Inc. Defendants deny the remaining allegations contained in Paragraph 6 of the Complaint and demand strict proof thereof.

7. Defendants admit that Mr. Pouliot presented to the Ten Oaks facility in May 2021. Defendants deny the remaining allegations contained in Paragraph 7, namely that Mr. Pouliot was involved in the installation of the "Subject Ripsaw." Accordingly, the remaining allegations contained in Paragraph 7 are denied, and the Defendants demand strict proof thereof.

8. Defendants lack sufficient information to confirm or deny the allegations contained in Paragraph 8 of Plaintiff's Complaint. Accordingly, the allegations are denied, and the Defendants demand strict proof thereof.

9. Defendants lack sufficient information to confirm or deny the allegations contained in Paragraph 9 of Plaintiff's Complaint. Accordingly, the allegations are denied, and the Defendants demand strict proof thereof.

10. Defendants deny that LICO Machinery, Inc., or any of the company's representatives, were involved in the installation and/or assembly of the "Subject Ripsaw." Defendants lack sufficient information to confirm or deny the allegations contained in Paragraph 10 of Plaintiff's Complaint. Accordingly, the allegations are denied, and the Defendants demand strict proof thereof.

11. Denied.

12. Defendants state that the allegations contained in Paragraph 12 of Plaintiff's Complaint contain legal conclusions to which no response is deemed required. To the extent a response is required, the Defendants deny the allegations in Paragraph 12 of the Complaint and demand strict proof thereof.

13. Denied.

14. Defendants state that the allegations contained in Paragraph 14 of Plaintiff's Complaint contain legal conclusions to which no response is deemed required. To the extent a response is required, the Defendants deny the allegations in Paragraph 14 of the Complaint and demand strict proof thereof.

15. Defendants state that the allegations contained in Paragraph 15 of Plaintiff's Complaint contain legal conclusions to which no response is deemed required. To the extent a response is required, the Defendants deny the allegations in Paragraph 15 of the Complaint and demand strict proof thereof.

## COUNT I
## NEGLIGENCE

16. Defendants incorporate their responses to Paragraphs 1-15 above as if fully set forth herein.

17. Defendants state that the allegations contained in Paragraph 17 of Plaintiff's Complaint contain legal conclusions to which no response is deemed required. To the extent a response is required, the Defendants deny the allegations in Paragraph 17 of the Complaint and demand strict proof thereof.

18. Defendants state that the allegations contained in Paragraph 18 of Plaintiff's Complaint contain legal conclusions to which no response is deemed required. To the extent a response is required, the Defendants deny the allegations in Paragraph 18 of the Complaint and demand strict proof thereof.

19. Defendants state that the allegations contained in Paragraph 19 of Plaintiff's Complaint contain legal conclusions to which no response is deemed required. To the extent a response is

required, the Defendants deny the allegations in Paragraph 19 of the Complaint and demand strict proof thereof.

20. Defendants state that the allegations contained in Paragraph 20 of Plaintiff's Complaint contain legal conclusions to which no response is deemed required. To the extent a response is required, the Defendants deny the allegations in Paragraph 20 of the Complaint and demand strict proof thereof.

21. Defendants state that the allegations contained in Paragraph 21, including subparts a through g, of Plaintiff's Complaint contain legal conclusions to which no response is deemed required. To the extent a response is required, the Defendants deny the allegations in Paragraph 21, including subparts a through g, of the Complaint and demand strict proof thereof.

22. Denied.

23. Denied.

24. Defendants state that the allegations contained in Paragraph 24 of Plaintiff's Complaint contain legal conclusions to which no response is deemed required. To the extent a response is required, the Defendants deny the allegations in Paragraph 24 of the Complaint and demand strict proof thereof.

## COUNT II
## BREACH OF EXPRESS WARRANTY

25. Defendants incorporate their responses to Paragraphs 1-24 above as if fully set forth herein.

26. Defendants state that the allegations contained in Paragraph 26 of Plaintiff's Complaint contain legal conclusions to which no response is deemed required. To the extent a response is required, the Defendants deny the allegations in Paragraph 26 of the Complaint and demand strict proof thereof.

27. Defendants state that the allegations contained in Paragraph 27 of Plaintiff's Complaint contain legal conclusions to which no response is deemed required. To the extent a response is required, the Defendants deny the allegations in Paragraph 27 of the Complaint and demand strict proof thereof.

28. Defendants state that the allegations contained in Paragraph 28 of Plaintiff's Complaint contain legal conclusions to which no response is deemed required. To the extent a response is required, the Defendants deny the allegations in Paragraph 28 of the Complaint and demand strict proof thereof.

29. Defendants state that the allegations contained in Paragraph 29 of Plaintiff's Complaint contain legal conclusions to which no response is deemed required. To the extent a response is required, the Defendants deny the allegations in Paragraph 29 of the Complaint and demand strict proof thereof.

## COUNT III
## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY

30. Defendants incorporate their responses to Paragraphs 1-29 above as if fully set forth herein.

31. Defendants admit that at all times relevant to this action, LICO Machinery, Inc. was in the business of selling and distributing ripsaws, including the "Subject Ripsaw" at issue in this matter. Defendants deny the remaining allegations in Paragraph 31 of the Complaint and demand strict proof thereof.

32. Defendants state that the allegations contained in Paragraph 32 of Plaintiff's Complaint contain legal conclusions to which no response is deemed required. To the extent a response is required, the Defendants deny the allegations in Paragraph 32 of the Complaint and demand strict proof thereof.

33. Defendants state that the allegations contained in Paragraph 33 of Plaintiff's Complaint contain legal conclusions to which no response is deemed required. To the extent a response is required, the Defendants deny the allegations in Paragraph 33 of the Complaint and demand strict proof thereof.

34. Defendants state that the allegations contained in Paragraph 34, including subparts a through c, of Plaintiff's Complaint contain legal conclusions to which no response is deemed required. To the extent a response is required, the Defendants deny the allegations in Paragraph 34, including subparts a through c, of the Complaint and demand strict proof thereof.

35. Defendants state that the allegations contained in Paragraph 35 of Plaintiff's Complaint contain legal conclusions to which no response is deemed required. To the extent a response is required, the Defendants deny the allegations in Paragraph 35 of the Complaint and demand strict proof thereof.

36. Defendants state that the allegations contained in Paragraph 36 of Plaintiff's Complaint contain legal conclusions to which no response is deemed required. To the extent a response is required, the Defendants deny the allegations in Paragraph 36 of the Complaint and demand strict proof thereof.

To the extent Plaintiff's "WHEREFORE" Paragraph contains any allegation not previously addressed, such allegations are denied. Defendants deny that they are liable to Plaintiff in any amount and for any reason.

## SECOND DEFENSE

Any allegations not specifically admitted herein are denied and strict proof is demanded.

## THIRD DEFENSE

The damages alleged by Plaintiff, if any, were not caused or proximately caused by any acts and/or omissions of the Defendants or their agents acting within the scope of their authority and responsibility.

## FOURTH DEFENSE

Defendants deny that they owed any legal duty to the Plaintiff.

## FIFTH DEFENSE

Defendants affirmatively aver that even if a duty was owed to the Plaintiff, Defendants did nothing to breach that duty.

## SIXTH DEFENSE

Should evidence supporting such defenses be developed during the course of discovery or at trial, Defendant affirmatively avers that Plaintiff was contributorily negligent and/or assumed the risk for his injuries, thereby barring his recovery herein.

## SEVENTH DEFENSE

Defendant affirmatively avers, and will make the defense at trial, that Plaintiff failed to mitigate his damages, should evidence supporting such defenses be developed during the course of discovery or at trial.

## EIGHTH DEFENSE

Defendant affirmatively avers, and will make the defense at trial, that the alleged hazard was open and obvious.

## NINTH DEFENSE

Defendant affirmatively avers, and will make the defense at trial, that Plaintiff's claims are barred by the assumption of the risk doctrine.

8

## TENTH DEFENSE

Should evidence supporting such a defense be developed during the course of discovery or at trial, Defendant affirmatively avers that Plaintiff lacks standing to assert a Breach of Warranty claim in this action.

## JURY DEMAND

The Defendants demand a jury on all issues so triable.

WHEREFORE, for the aforementioned reasons, Defendants, LICO Machinery, Inc. a/k/a Machinerie LICO Inc., and Jason Pouliot respectfully request that this Honorable Court enter an Order dismissing the Plaintiff's Complaint with prejudice, denying all relief sought by the Complaint, and providing for such other relief as this Court may deem fair and just.

Dated: February 2, 2024                                  Respectfully Submitted,

**LICO Machinery, Inc.
a/k/a Machinerie LICO Inc., and Jason Pouliot**
By Counsel,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

_____
Lori Elliott Jarvis (VSB No.: 36375)
Thomas J. Tutone (VSB No.: 98433)
8444 Westpark Drive, Suite 510
McLean, VA 22102
Tel.: 703-245-9300
Fax: 703-245-9301
lori.jarvis@wilsonelser.com
thomas.tutone@wilsonelser.com
*Counsel for Defendants LICO Machinery, Inc. a/k/a Machinerie LICO Inc., and Jason Pouliot*

9

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was mailed, postage prepaid, this 2nd day of February 2024, to:

Jonathan E. Halperin (VSB No. 32698)
Darrell J. Getman (VSB No. 95791)
Halperin Law Center, LLC
4435 Waterfront Drive, Suite 100
Glen Allen, VA 23060
Phone: (804) 527-0100
Fax: (804) 597-0209
jonathan@hlc.law
darrell@hlc.law
Counsel for Plaintiff

Lori E. Jarvis